February 6th, 1905.

———————O———————

No. 3452.

(Court of Appeal, Parish of Orleans.)

CRESCENT CITY MANUFACTURING CO. vs. LOUIS RIVERA AND AETNA INDEMNITY CO.

Appeal from Civil District Court, Division "E."

B. K. Miller and H. T. Gurley, for Defendant and Appellant.

John G. Robin, for Plaintiff and Appellee.

MOORE, J. The prior ruling of this Court in H. Weston

Lumber Co. vs. Anderson & Allen (14th June, 1899,) Lambert vs. Mutual Building and Homestead Association (April 9, 1900), and in Lichtentag vs. Feitel, et al., (April 4th, 1904,) to the effect that the surety's liability on a bond given under Act 180 of 1894, is not measured by the law of registry, and that the sole penalty for non-registry of the contract and bond is the solidary liability of both the surety and the owner of the building to the furnisher of materials, is affirmed.

The only question involved in this case is whether, under Act 180 of 1894, the furnisher of materials used in the construction of a building may recover in solido the unpaid price of said materials, from the owner of the building and the surety on the bond of the contractor who undertook to do the work, when it appears that neither the building contract nor the bond were recorded within one week after the contract was entered into and the bond signed, and at no time prior to the commencement of the work.

A similar question was presented in H. Weston Lumber Co. vs. Anderson & Allen, et. al., No. 1517 of the Docket of this Court (June 14th, 1899); and again in Lambert vs. Mutual Building & Homestead Association, Nos. 1551 and 2251 Consolidated (April 9th, 1900) and still later in Lichtentag vs. Feitel, et. al., No. 3221 (April 4th, 1904). In these cases we held that the surety's liability on the bond is not measured by the law of registry; and that the only penalty incurred by non registry of contract and bond, as provided by Act 180 of 1894, is to render both the owner and the surety liable, *in solido* to the furnisher of materials.

In the two former cases, writs of review were denied by the Supreme Court, but a review was granted in the latter case and our opinion and decree maintained, under the authority of these cases the judgment appealed from, which was in favor of the plaintiff, and against the owner of the building and the surety on the bond, *in solido,* is affirmed.